1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TONI LEVINGSTON,

               Plaintiff,

    v.

BONDOC, et al.,

               Defendants.

_____/

CASE NO.   1:11-CV-00309-MJS (PC)

ORDER DISMISSING PLAINTIFF'S
COMPLAINT WITH LEAVE TO AMEND

(ECF NO. 1)

AMENDED COMPLAINT DUE WITHIN
THIRTY DAYS

**SCREENING ORDER**

I.   **PROCEDURAL HISTORY**

      On February 23, 2011, Plaintiff Toni Levingston, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

      Plaintiff's Complaint is now before the Court for screening.

///////

-1-

1
2
3
4
5
6
7
8
9
10
11
12

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

13
14
15
16
17
18
19
20
21
22

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

23

## III.    SUMMARY OF COMPLAINT

24
25
26

Plaintiff is incarcerated at California State Prison at Corcoran, ("CSP-C"), where the alleged rights violations took place. (Compl., p. 1, 3-5, ECF No. 1.) He is classified as a

27

limited mobility impairment prisoner, requiring housing restrictions in the form of a lower bunk and no stairs. (Compl. at 7, 22.) He alleges various medical concerns relating to acute chronic pain in his back, chest, legs, hips, and feet, as well as fecal leakage, vison, and weight. (Id. at 7-21.) He claims that Defendants were deliberately indifferent to his medical needs by failing to properly examine, diagnose, medicate and treat him, properly classify him as a permanently disabled,[1] and accommodate his medical condition. (Id. at 3-4, 7-83.)  He also complains that Defendants denied him due process in his related prison grievances. (Id.)

Plaintiff names as Defendants,(1) Bondoc, Nurse Practitioner, (2) Clark, M.D., (3) Yu, M.D., (4) Liberstein, M.D., (5) Warren, Chief at California Prison Health Care Services, (6) Walker, Chief at California Prison Health Care Services, (7) Foston, Chief at Inmate Appeals Branch, (8) Jones, CCII, Appeals Coordinator, and (9) Lopez, Warden.

Plaintiff seeks an order directing an off-site medical opinion on his multiple medical concerns and compensatory damages. (Id. at 3.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

---

[1] Plaintiff alleges that outside physician(s) have deemed him permanently disabled.

-3-

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

## B.   Personal Participation and Doe Defendants

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff fails to allege any facts linking Defendants Liberstein and Lopez to the alleged rights violations. There is no evidence that these Defendants personally participated in the events alleged in Plaintiff's Complaint. They cannot be held liable based solely on a supervisory position.

-4-

Plaintiff cannot proceed against these Defendants unless he truthfully alleges how each *personally* violated, or knowingly directed a violation of, his constitutional rights.

## C.   Deliberate Indifference

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)), (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)) (quoting Estelle, 429 U.S. at 104). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

(citing Estelle, 429 U.S. at 105–06). A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. Farmer, 511 U.S. 825 at 837-42. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [Section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Veld, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegation of acute, chronic pain, taken as true for purposes of screening, demonstrates a serious medical need, satisfying the first prong of his deliberate indifference claim. See McGuckin, 974 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). Plaintiff has alleged a serious medical need sufficient to satisfy the first prong of deliberate indifference.

However, there is no evidence that any Defendant was deliberately indifferent to Plaintiff's medical needs. The allegations in the Complaint reflect no more than differences

over the appropriate course of treatment or, at worst, medical negligence. There is no evidence that any Defendant intentionally acted in a medically unacceptable manner. The Complaint demonstrates ongoing clinical access, opportunity for medical examination and consultation with treating physicians, diagnostic testing, and referral to specialist practitioners.

Plaintiff does not allege he suffered any physical injury as a result of Defendants' acts or omissions. See McGuckin, 974 F.2d at 1060. (Where delay in treatment is alleged as basis for deliberate indifference, the prisoner must also demonstrate that the delay led to further injury).

Plaintiff's mere disagreement with diagnosis, treatment, and disability classification status is not sufficient to state deliberate indifference. He does not have a right to any particular course of treatment, medication, or disability classification, and outside medical providers may not prescribe or dictate diagnosis, care, and treatment for inmates.[2]

Plaintiff fails to state a deliberate indifference claim against the Defendants. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing (1) a serious medical need, and (2) a deliberately indifferent response to that need on the part of each Defendant.

///////

---

[2]  See Cal.Code Regs. tit. 15, Section 3350-55, relating to the provision of medical care, off-site treatment, and health care examinations.

-7-

1

2

3

**D.   Accommodation**

Plaintiff alleges that he is permanently disabled and that Defendants have failed to accommodate his disability.

Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. § 794.

Title II of the ADA and the RA apply to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955-56 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

In order to state a claim under the ADA, plaintiff must have been "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997).

"To establish a violation of [Section] 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit

-8-

or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Plaintiff is classified as having a mobility impairment, which is reflected in his Comprehensive Accommodation Chrono. His treating physicians have not classified him as permanently disabled, and he is not entitled to accommodation as such.

Plaintiff has not identified any failure of Defendants to follow the Accommodation Chrono. Nor has he suggested a service, program, activity, or federal funding source wrongfully denied to him. He fails to state a claim for relief under the ADA and RA.

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements attributable to each of the Defendants. Plaintiff should note that he may not name prison officials in their individual capacities. See Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i June 24, 2010) (Individual liability is precluded under the ADA); accord Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009).

To the extent that Plaintiff wishes to seek assistance that he believes is due pursuant to the Armstrong Remedial Plan,[3] he "must pursue his request via the consent decree or through class counsel." Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL

---

[3] The Armstrong Remedial Plan refers to a remedial order issued in Armstrong v. Davis, No. CV94-2307-CW, by the District Court for the Northern District of California to enjoin practices that discriminated against disabled inmates in California Prisons. See generally Armstrong v. Davis, 275 F.3d 849 (9th Cir.2001); Armstrong v. Wilson, 124 F.3d 1019 (9th Cir.1997) (affirming order requiring submission of a remedial plan for CDCR's compliance with both the Americans with Disabilities Act, 42 U.S.C. §§ 12131-34, as well as the Rehabilitation Act of 1973, 29 U.S.C. § 749).

-9-

31093590, *4 (N.D. Cal. Sept. 17, 2002).  Plaintiff may not sue for damages in this action solely on the basis that defendants allegedly violated the Armstrong Remedial Plan.

### E.   Due Process

1.   Inmate Appeals

Plaintiff alleges that Defendants failed to investigate and respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claim for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. November 02, 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo. July 18, 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. Plaintiff fails to state a claim in this regard. Because amendment of this claim would be futile, leave to amend will not be granted.

///////

-10-

1

2.     Classification and Program

2

Plaintiff may allege that he is not properly classified and programmed given his

3

medical issues. The Due Process Clause itself does not confer on inmates a liberty interest

4

in avoiding more adverse conditions of confinement. Wilkinson v. Austin, 545 U.S. 209,

5

221–22 (2005). Plaintiff does not have a due process liberty interest in his classification or

6

program. Hewitt v. Helms, 459 U.S. 460, 468 (1983), overruled on other grounds by Sandin

7

v. Conner, 515 U.S. 472 (1995); accord Hernandez v. Johnson, 833 F.2d 1316, 1318 (9th

8

9

Cir. 1987). There is no evidence of atypical and significant hardship arising from conditions

10

of confinement. See Wilkinson, 545 U.S. at 223–24 (finding a liberty interest in avoiding

11

indefinite confinement in Ohio's "Supermax" facility).

12

Plaintiff has neither a liberty interest nor a substantive right to any particular

13

14

classification or program. Plaintiff fails to state a claim in this regard. Because amendment

15

of this claim would be futile, leave to amend will not be granted.

16

**V.     CONCLUSION AND ORDER**

17

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court

18

will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d

19

1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

20

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

21

22

deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth

23

"sufficient factual matter ... to 'state a claim that is plausible on its face.'"Id. at 1949

24

(quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named

25

Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

26

Plaintiff should note that although he has been given the opportunity to amend, it

27

is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed February 23, 2011;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute,

-12-

1  subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u>

2  658 F.3d 1090 (9th Cir. 2011).

3

4

5

6

7  IT IS SO ORDERED.

8  Dated:   __January 30, 2012__     ____/s/ *Michael J. Seng*____

9  ci4d6                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-13-