UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONI LEVINGSTON, | | CASE NO. 1:11-CV-00309-MJS (PC) |
| | Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| | | (ECF NO. 16) |
| v. | | |
| BONDOC, et al., | | CLERK TO CLOSE THE CASE |
| | Defendants. | DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |

**SCREENING ORDER**

I. **PROCEDURAL HISTORY**

On February 23, 2011, Plaintiff Toni Levingston, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 (Compl., ECF No. 1) raising various medical concerns relating to acute and chronic pain in his back, chest, legs, hips, and feet, fecal leakage, and vison and weight issues. He complained of denial of his grievances, deliberate medical indifference and failure to accommodate.

-1-

(Compl. at 7-21.)

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 6.)

Plaintiff's original Complaint was screened by the Court on January 31, 2012 and dismissed, with leave to amend, for failure to state a cognizable claim. Plaintiff filed his Amended Complaint on February 22, 2012. (ECF No. 16.) That Amended Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility

demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

## III. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint is not sufficient as an amended pleading.[1] There are no allegations of fact and no support for a plausible claim to deprivation of constitutional rights. No defendants are named. No relief is sought. Rather the two page Amended Complaint appears to be a brief narrative statement of Plaintiff's intentions in bringing this action.

## IV. ANALYSIS

### A. Pleading Requirements

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

Under section 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

---

[1] Fed.R.Civ.P. 8(a)(2); Iqbal, 129 S.Ct. at 1949.

Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible.[2]

### B. The Amended Complaint

The Amended Complaint contains no factual allegations. It provides no cognizable claim to relief under section 1983.

As noted, Plaintiff previously was notified of the deficiencies in his claims and granted leave to amend. He has failed to cure the deficiencies. The Court can divine no useful purpose in giving Plaintiff the exact same opportunity again. Further leave to amend is not warranted. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir.1996)) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); see also Robinson v. California Bd. of Prison Terms, 997 F.Supp. 1303, 1308 (C.D.Cal. 1998) ("[s]ince plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing Newland v. Dalton, 81 F.3d 904, 907 (9th Cir.1996)).

## V. CONCLUSION AND ORDER

Plaintiff's Amended Complaint does not state a claim for relief under section 1983. Further leave to amend would be futile at the present time, and is not warranted.

////////

////////

////////

////////

---

[2] Local Rules for the United States District Court for the Eastern District, Rule 220.

Accordingly, this action is HEREBY ORDERED DISMISSED for failure to state a claim under section 1983, and this dismissal SHALL count as a strike pursuant to 28 U.S.C. § 1915(g); <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir.2011).[3] The Clerk shall close the file in this case.

IT IS SO ORDERED.

Dated:   March 15, 2012            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

---

[3] Dismissal to be without prejudice to any subsequent action by Plaintiff against Defendants named herein, upon a cognizable section 1983 claim.